UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60101-SMITH/VALLE

UNITED STATES OF AMERICA

vs.

GERALD C. PARKER,

    Defendant.
_____/

## FACTUAL PROFFER

The Defendant, GERALD C. PARKER (hereinafter referred to as the "Defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. From approximately January 2013, and continuing until approximately November 2018, in the Southern District of Florida and elsewhere, Defendant conspired with others to defraud over 300 individuals. The Defendant and others participated in a scheme to defraud that raised approximately $20,877,429 from the sale of stock tied to a Florida corporation named Social Voucher.com, Inc. ("Social Voucher") and a Delaware corporation named Stocket. Inc. ("Stocket").

2. The Defendant, a resident of Juno Beach, Florida, acted as the Chief Executive Officer of Social Voucher from at least in or around 2013 through at least in or around 2017. In or around 2017, others working with the Defendant created a new corporation, Stocket, but Stocket was effectively the same business as a Social Voucher.

3. Michael Assenza was a co-owner of Social Voucher and Stocket, but Assenza kept his name off corporate paperwork and bank accounts for Social Voucher and Stocket because Assenza had a federal criminal conviction for securities fraud in the Southern District of Florida.

The Defendant knew that Assenza had a prior federal criminal conviction for securities fraud. The Defendant also knew that Assenza used a last name that was different than the last name on Assenza's federal criminal conviction to prevent Stocket and Social Voucher investors from discovering Assenza's criminal history. Assenza's shares in Social Voucher were in the name of his wife.

4. From in or around June 2013 to in or around July 2018, the Defendant, Assenza, and others solicited, offered, and sold shares of Social Voucher and Stocket to investors. The Defendant, Assenza, and others represented to investors in Social Voucher and Stocket that their money would be used as capital to develop a mobile gaming application combining gaming with online shopping. The Defendant often personally solicited Social Voucher and Stocket investors. In exchange for their money, the investors received common stock in Social Voucher and Stocket. The Defendant had signing authority on the bank accounts associated with Stocket and Social Voucher.

5. Although Social Voucher and Stocket sold common stock to investors, the Defendant did not register the offering with the Securities Exchange Commission or any state regulators. Ultimately, three state regulators issued cease-and-desists orders against the Defendant and Social Voucher for failing to register the Social Voucher stock as a security. For example, on or about May 3, 2017, the Defendant entered into a final stipulation consent agreement with the State of Florida, Office of Financial Regulation, on behalf of Social Voucher, agreeing to cease and desist from violating a Florida statute prohibiting the sale of unregistered securities. On May 25, 2017, the Commission of the Office of Financial Regulation entered a final administrative order adopting the final stipulation consent agreement signed by the Defendant. The Defendant continued to sell stock in Social Voucher without registering the offering as a security in the State

of Florida, until approximately November 2018, in violation of the final administrative order. To avoid negativity publicity surrounding the cease and desist orders against the Defendant and Social Voucher, and to avoid detection by state regulators, the Defendant and others created the company Stocket to continue to pitch investors in the mobile gaming application.

6. Beginning in or around August 2013, the Defendant and others hired telephone room managers, including Individual #2, to solicit, offer and sell shares of Social Voucher and Stocket stock to investors via telemarketing. Mainly through the use of these "boiler rooms," run by Individual #2 and others, the Defendant and others solicited investors to buy shares of Social Voucher and Stocket stock. The Defendant and others paid large commissions to these boiler rooms, often between 25 and 50 percent of the total investment, without disclosing the amount of these large commissions to the Social Voucher and Stocket investors. The Defendant and others disseminated false and misleading financial statements for Social Voucher and Stocket to the investors representing that the investor money would be used as working capital to develop the mobile application, concealing the payment of large commissions to the boiler rooms.

7. The Defendant knew that the individuals pitching Social Voucher and Stocket stock were not licensed broker dealers and that some of the individuals used fake names to conceal a history of enforcement actions for investment fraud. The Defendant and others failed to disclose the prior enforcement actions against the individuals at the boiler rooms to the Social Voucher and Stocket investors. Further, in investors pitches, the Defendant touted Assenza as a successful businessman, but did not disclose his federal criminal conviction or use Assenza's last name as listed on the criminal conviction.

8. The Defendant personally received approximately $4,710,938 in investor funds from Social Voucher and Stocket. Of this amount, the Defendant spent approximately $1,580,171

in investor funds at the casino. The Defendant did not disclose to investors that he used their investment money at the casino. At times, the Defendant and others misrepresented to Social Voucher and Stocket investors that the Defendant and other principals, including Assenza, were not taking a salary until they began to receive profits from the mobile gaming application. Social Voucher and Stocket failed to generate any revenue or profits, and at no point during that time was the mobile gaming application fully operational.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/20/23   By: _____
ELIZABETH YOUNG
ASSISTANT U.S. ATTORNEY

Date: 1/20/23   By: _____
ISRAEL ENCINOSA, ESQ.
ATTORNEY FOR DEFENDANT

Date: 1/20/23   By: _____
GERALD C. PARKER
DEFENDANT

4